CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiff
ANIMACCORD LTD.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANIMACCORD LTD., a Cyprus limited company,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,",<br><br>　　　Defendants. | **Case No.: 1:23-cv-173-LEK-WRP**<br>(Trademark)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE HEARING WHY THIRD-PARTY E-BAY INC. SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR WILLFULLY VIOLATING THE TEMPORARY RESTRAINING ORDER** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE HEARING WHY THIRD-PARTY E-BAY INC. SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR WILLFULLY VIOLATING THE TEMPORARY RESTRAINING ORDER**

1

1. Plaintiff ANIMACCORD LTD. ("Plaintiff"), by and through its counsel, submits this Memorandum of Law in Support of its Motion for this Court to order Third-Party E-bay, Inc. ("E-bay") to Show Cause why it should not be held in contempt of court and sanctioned for willfully violating the temporary restraining order [Doc. #12] pursuant to 28 U.S.C §1651(a) (The All Writs Act) and Fed. R. Civ. P. 65.

I. **RELEVANT FACTUAL BACKGROUND**

2. On April 14, 2023, Plaintiff filed the Verified Complaint [Doc. #1] against the Defendants.

3. On April 14, 2023, Plaintiff filed a motion for a temporary restraining order ("TRO") [Doc. #8].

4. On April 18, 2023, the Court issued the Order [Doc. #12] granted the requested TRO.

5. On April 19, 2023, Kevin Dunn served E-bay's Delaware agent the TRO and a subpoena. *See* Decl. of Kevin Dunn [Doc. #13].

6. On May 4, 2023, E-bay's representative Nancy Lindsley sent Plaintiff's counsel an email in which she explicitly stated that E-bay would not comply with the TRO:

> All of the data currently available to eBay indicate that these sellers are based in the United States and therefore can be served with process. To the extent that you obtained the court order requiring eBay to freeze these accounts based on allegations that these sellers are based outside the United States or that assets would be moved outside the United States, please provide us with the information underlying such allegations. eBay will keep information confidential, as necessary. Until then, we believe it would be a violation of due process – and inappropriate – to freeze a U.S.-based seller's entire payment account without prior notice. Freezing seller accounts indiscriminately and improperly also significantly and adversely affects eBay's commercial relationships and reputation. Consequently, based on the information currently in our possession, we do not intend to freeze these sellers' payment accounts. We are willing to reconsider once you provide us with specific information regarding these sellers. If you disagree with or dispute eBay's position, please let us know promptly so that we can raise the issue with the Court and seek appropriate relief.

Decl. of Culpepper at ¶6; Ex. "1".

7. That same day, Plaintiff's counsel emailed Ms. Lindsley a copy of excerpts from schedule "B" [Doc. #1-7] showing the e-bay stores listing of counterfeits products in reply to Ms. Lindsley's email. *See* Ex. "2".

8. On May 5, 2023, Dave Grable of Quinn Emanuel informed Plaintiff's counsel that he was representing E-bay in connection with this matter. *See* Decl. of Culpepper at ¶6; Ex. "3".

9. That same day, Plaintiff's counsel replied to Mr. Grable requesting a meet and confer by phone concerning and confirmation that E-Bay was going to comply with the TRO and immediately take down these e-stores listed in schedule "A" and freeze the accounts. *See id.*

3

10. In reply, Mr. Grable stated that it was his understanding that the E-bay listings had been taken down but did not respond to the request for E-bay to freeze the accounts. *See id.*

## II. LEGAL STANDARD

11. The Supreme Court has long recognized the power of the district courts to enforce judgments and decrees. *See Riggs v. Johnson County*, 73 U.S. 166, 187, 18 L. Ed. 768 (1867). "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966). "Civil contempt is designed to force the contemnor to comply with an order of the court." *Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992).

12. To show civil contempt, the party asserting contempt must demonstrate "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993) ("*Dual-Deck*"). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id*. However, the party alleging civil contempt

need not demonstrate that the contempt was willful. *See id* at 695. "It does not matter what the intent of the [contemnors] was when they disobeyed the court's order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987).

13. A Court's latitude in crafting a remedy for civil contempt must be "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04, 67 S. Ct. 677, 91 L. Ed. 884 (1947). "Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." *Int'l Union v. Bagwell*, 512 U.S. 821, 829, 114 S. Ct. 2552, 2558 (1994).

14. Among other things, courts may (but are not required to) impose attorneys' fees as an appropriate remedial fine after a finding of civil contempt. *See Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

15. Rule 65(d)(2) provides that the persons bound by injunctions includes the parties and the parties' officers, agents, servants, employees and other persons who are in active concert or participation with the parties or the parties' officers, agents, servants, employees. *See* Fed R. Civ. P. 65(d)(2).

**III.     PLAINTIFF'S MOTION FOR AN OSC HEARING SHOULD BE GRANTED.**

16. The factual record shows that E-bay is knowingly and willfully violating the TRO. The TRO was served by hand on E-bay's registered Delaware agent. E-bay acknowledged receipt of the TRO but explicitly stated that it would not comply. *See* Ex. "1" ("…we do not intend to freeze these sellers' payment accounts.") Even after Plaintiffs' counsel shared evidence that the E-bay e-commerce stores at issue were engaged in flagrant trademark infringement, E-bay still hesitated to take down the e-commerce stores and has still refused to freeze the funds in compliance with the TRO. *See* Decl. of Culpepper at ¶¶8-9; Ex "5". As noted by Plaintiff's counsel, this is not the first time E-bay has asserted the baseless argument that it does not have to comply with a TRO including an asset restraint if the seller is a US resident. *See* Decl. of Culpepper at ¶10; Ex "4".

17. The order in the TRO [Doc. #12] is clear. Per section (1)(a), "Restraining…all persons in active concert or participation with any of the Defendants having notice of this Order (a) from…advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Trademarks shown in Exhibits "1"-"4" of the Complaint ("Masha and The Bear Marks"), or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff…"

6

18. Per section (1)(b), "all persons in active concert or participation with any of the Defendants having notice of this Order (b) from…disposing of…(iii) any assets or other financial accounts subject to this Order…"

19. Per section (1)(c), "all persons in active concert or participation with any of the Defendants having notice of this Order (b) From using any reproduction, counterfeit, copy, or colorable imitation of the Masha and The Bear Copyrighted Works in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants."

20. Per section (4)(a), "…any third party financial institutions…including but not limited to…*Ebay*…shall upon receipt of notice of this Order promptly (a) Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, and restrain any other financial accounts tied thereto. (emphasis added)

21. Accordingly, E-bay is flagrantly violating section 4(a) of the TRO because it has explicitly stated that it refuses to restrain the transfer of all funds of the ecommerce stores that are Defendants in this lawsuit. Ebay is a "persons who are in active concert or participation" with Defendants by providing the E-commerce

storefront where Defendant sells products in violation of Plaintiff's trademarks despite knowledge of this case and the ongoing infringement. *See* Fed R. Civ. P. 65(d)(2)(C). Accordingly, Ebay has also violated sections 1(a)-(c) of the TRO.

22. Plaintiff has suffered harm from E-bay's violations of the TRO. As the Court found in the TRO, Plaintiff is suffering irreparable harm from Defendants' use of Plaintiffs' registered trademarks.

23. Accordingly, Plaintiff has shown: (1) the existence of a specific and definite court order (the TRO) of which E-bay had actual knowledge of; (2) that the TRO was in the Plaintiff's favor; (3) that E-bay has failed to take *any* reasonable steps within its power to restrain the funds of the e-commerce stores in violation of the TRO, and had knowledge of such violations; and (4) that Plaintiff has suffered harm as a result of harm as a result of Defendant's Amazon's violations. *See Dual-Deck*; *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).

24. Plaintiff further respectfully requests that the Court grant its attorney's fees for bringing this motion as a sanction for E-bay's failure to comply with the TRO. Plaintiff's counsel can provide a supplemental affidavit detailing his fees and costs.

## IV.     **CONCLUSION**

25. For the reasons stated, Plaintiff respectfully requests that the Court order: (1) E-bay to show cause why it should not be held in contempt for failing to comply with the TRO; and (2) that E-bay be ordered to pay $3200 for Plaintiff's attorney's fees and costs for this motion as a sanction for willful failure to obey the TRO.

DATED: Kailua Kona, Hawaii, May 5, 2023.

Respectfully submitted,

 /s/ Kerry S. Culpepper
Kerry S. Culpepper,
HI Bar No. 9837
Counsel for Plaintiff
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Tel.: (808) 464-4047
Fax.: (202) 204-5181
kculpepper@culpepperip.com