IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANIMACCORD LTD.; | ) | CIVIL NO. 23-00173 LEK-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION FOR |
| PATRICIA KIRTON, et al., | ) | DEFAULT JUDGMENT AGAINST |
| | ) | PATRICIA KIRTON |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PATRICIA
KIRTON AKA PATRICIA PAPALARDO DBA WWW.ABIRTHPLACE.COM

Before the Court is Plaintiff Animaccord Ltd.'s Motion for Default

Judgment Against Defendant Patricia Kirton (Motion). See Plfs' Mot., ECF

No. 105. Defendant Patricia Kirton did not file a response to the Motion. The

Court finds this Motion suitable for disposition without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice of the United States District Court for the

District of Hawai'i. After careful consideration of the record in this action and the

relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's

Motion be GRANTED IN PART AND DENIED IN PART.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation,
pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States

## FACTUAL BACKGROUND

Plaintiff Animaccord Ltd. (Plaintiff) is an "international licensing company and studio which specializes in worldwide distribution of content, consumer products rights, and brand management."  See First Amended Complaint (FAC) ¶ 13, ECF No. 21.  Plaintiff owns all rights, title, and interest in the hit family animated series titled, "Masha and The Bear," which is loosely based on an oral children's folk story originating in Russia.  Id. ¶¶ 14-15.  The show covers the adventures of a little girl named Masha and a fatherly bear that keeps her safe from disasters.  Id. ¶ 15.  The Masha and The Bear series is broadcast in over one hundred countries and has been translated into twenty-five languages.  Id. ¶ 16.

Plaintiff is the owner of several trademarks based on Masha and The Bear, which are registered with the Principal Register of the United States Patent and Trademark Office.  Id. ¶ 47; Exs. 1 through 4 attached to the FAC; ECF No. 21-1 through 21-4 (Plaintiff's trademark registration certificates for Masha and The Bear); Affidavit of Inna Golovlova ¶¶ 4-5, ECF No. 105-3 at 2.  The Masha and The Bear trademarks are "well-known and famous."  FAC ¶ 50, ECF No. 21.  As a result of Plaintiff's efforts at advertising and promoting the trademarks, "members of the consuming public readily identify products and merchandise

District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

bearing or sold under the Masha and The Bear Marks as being high quality goods sponsored and approved by Plaintiff." Id. ¶¶ 51-52.

Plaintiff is also the owner of several copyrights based on Masha and The Bear registered in the United States. Id. ¶¶ 54-59; Ex. 5 attached to the FAC, ECF No. 21-5 (list of Plaintiff's registered copyrights in Masha and The Bear); Affidavit of Inna Golovlova ¶¶ 4, 6, ECF No. 105-3 at 2. Plaintiff has all exclusive rights in and to the copyrighted works and controls all licenses to reproduce, distribute, perform, and enforce its rights to the works. FAC ¶ 59, ECF No. 21. Plaintiff has expended substantial time, money, and other resources developing, advertising and distributing the works. Id. ¶ 60.

Defendant Patricia Kirton (Defendant) is one of several defendants named in the FAC. Id. ¶ 34. Defendant also goes by the name Patricia Papalardo and is sued as an officer, trustee, director, staff member or agent of the unincorporated association https://www.abirthdayplace.com/. Id. Defendant allegedly sells counterfeit products that infringe on Plaintiff's Masha and The Bear trademarks and copyrights through the operation of an e-commerce store, which targets consumers within the United States and this District. Id. ¶¶ 37, 40. Specifically, Defendant advertises, offers for sale, and sells goods bearing one or more of Plaintiff's trademarks and copyrights to consumers. Id. ¶ 40. Plaintiff alleges that Defendant's counterfeit products "cause confusion of consumers, at the

time of initial interest, sale, and in the post-sale setting, who will believe

Defendants' Counterfeit Goods are genuine goods originating from, associated

with, or approved by Plaintiff." Id. ¶ 62.

PROCEDURAL BACKGROUND

On April 14, 2023, Plaintiff filed the original Complaint in this case.

See Complaint, ECF No. 1.  On May 12, 2023, Plaintiff filed the FAC against

various defendants, including Defendant Patricia Kirton.  See FAC, ECF No. 21.

The FAC asserts claims for trademark counterfeiting and infringement (Count 1),

unfair competition under federal law (Count 2), dilution of trademark (Count 3),

unfair competition under Hawaii law (Count 4), and copyright infringement

(Count 5).  See FAC ¶¶ 76-116, ECF No. 21.

On April 18, 2023, the Court granted Plaintiff's motion for temporary

restraining order.  See Order, ECF No. 12.  The Court thereby entered a Temporary

Restraining Order, restraining each Defendant from, among other things,

(1) manufacturing, importing, advertising, promoting, offering to sell, selling,

distributing or transferring any products bearing Plaintiff's Masha and The Bear

trademarks, (2) secreting, concealing, destroying, selling off, transferring, or

disposing of products bearing Plaintiff's Masha and The Bear trademarks,

(3) using any reproduction, counterfeit, copy, or colorable imitation of the Masha

and The Bear copyrighted works, and (4) transferring ownership of Defendant's

4

Seller ID during the pendency of this action.  See Temporary Restraining Order, ECF No. 12.  The Temporary Restraining Order also ordered various financial institutions to "[r]estrain the transfer of all funds . . . held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts."  See id.  On July 20, 2023, the Court entered a Renewed Temporary Restraining Order, which included terms from the Temporary Restraining Order and added terms specific to Third Party Providers and eBay.  See Renewed Temporary Restraining Order, ECF No. 83.  On November 28, 2023, the Court converted the Renewed Temporary Restraining Order into a Preliminary Injunction as to Defendant.  See Minute Order, ECF No. 122.

Defendant was personally served on May 23, 2023.  See Proof of Service, ECF No. 51.  Defendant did not answer or respond to the FAC, and default was entered against Defendant on July 11, 2023.  See Entry of Default, ECF No. 73.  Plaintiff thereafter filed this Motion for Default Judgment against Defendant on September 15, 2023.  See Motion, ECF No. 105.

<u>DISCUSSION</u>

Default judgment may be entered if the defendant has defaulted by failing to appear.  See Fed. R. Civ. P. 55(b).  The grant or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are

5

ordinarily disfavored, and cases should be decided on their merits if reasonably

possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should

consider the following factors in deciding whether to grant a motion for default

judgment:

> (1)  the possibility of prejudice to the plaintiff;
> (2)  the merits of plaintiff's substantive claim;
> (3)  the sufficiency of the complaint;
> (4)  the sum of money at stake in the action;
> (5)  the possibility of a dispute concerning material facts;
> (6)  whether the default was due to excusable neglect; and
> (7)  the strong policy underlying the Federal Rules of Civil
>       Procedure favoring decisions on the merits.

Id. at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those

relating to the amount of damages, will be taken as true."  TeleVideo Sys., Inc. v.

Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin.

Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint

regarding liability are deemed true, but the plaintiff must establish the relief to

which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.

2002).  Also, "necessary facts not contained in the pleadings, and claims which are

legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N.

Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d

1386, 1388 (9th Cir. 1978)).

## A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, this Court has subject matter jurisdiction over Plaintiffs' claims for violation of the Lanham Act and copyright infringement.  See La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V., 762 F.3d 867, 872 (9th Cir. 2014) ("Federal jurisdiction over trademark claims is granted by the Lanham Act, 15 U.S.C. § 1121(a), which 'confers broad jurisdictional powers upon the courts of the United States' in conjunction with 28 U.S.C. § 1331."); Vestron, Inc. v. Home Box Off., Inc., 839 F.2d 1380, 1381 (9th Cir. 1988) ("We note that federal courts have exclusive jurisdiction over actions that arise under federal copyright law."); 28 U.S.C. § 1131 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); FAC ¶¶ 76-100, 109-116, ECF No. 21 at 24-27, 30-31.  The Court also has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).  See FAC ¶¶ 101-108, ECF No. 21 at 29-30.

7

Second, the Court also has personal jurisdiction over Defendant because she was properly served in accordance with the Federal Rules of Civil Procedure (FRCP).  See Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [FRCP] 4."); see also Proof of Service, ECF No. 51.

## B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Defendant has not defended against Plaintiff's claims in this case at all.  Defendant neither responded to the original Complaint or FAC nor entered an appearance in this case.  Absent entry of default judgment against Defendant, Plaintiff would be without recourse for recovery against her. Therefore, the first Eitel factor favors default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability, the factual allegations in the

complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-

18; Fair Hous. of Marin, 285 F.3d at 906.  In the present Motion, Plaintiff seeks

default judgment against Defendant as to all claims asserted in the Complaint.

Each claim is addressed in turn.

### a.  Count 1 for Trademark Counterfeiting and Infringement and Count 2 for Federal Unfair Competition

Count 1 asserts a claim for trademark counterfeiting and

infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

FAC ¶¶ 76-84, ECF No. 21 at 24-25.  Count 2 asserts a claim for unfair

competition in violation of 15 U.S.C. §1125(a).  See FAC ¶¶ 85-90, ECF No.

21 at 26-27.

"To prevail on a claim for trademark infringement under the

Lanham Act, a plaintiff must prove: (1) ownership of a valid trademark;

(2) use of the mark without its consent; and (3) that such use is likely to cause

confusion."  See UL LLC v. Space Chariot Inc., 250 F. Supp. 3d 596, 607

(C.D. Cal. 2017) (citing Rearden LLC v. Rearden Commerce, Inc., 683 F.3d

1190, 1202 (9th Cir. 2012)); 15 U.S.C. § 1114(1).  The same legal elements

apply to an unfair competition claim under 15 U.S.C. § 1125(a).  See Upper

Deck Co. v. Flores, 569 F. Supp. 3d 1050, 1067 (S.D. Cal. 2021) ("The same

legal elements apply to allege a trademark infringement claim under

15 U.S.C. § 1114 and an unfair competition claim under 15 U.S.C. § 1125(a)(1)(A)"); see also Brookfield Commc'ns, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1046 n. 6 (9th Cir. 1999) (holding the same legal standard applies to trademark infringement and unfair competition claims under the Lanham Act). Counterfeiting is a specialized case of trademark infringement where a counterfeit "is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." See UL LLC, 250 F. Supp. 3d at 607; 15 U.S.C. § 1127.

In this case, Plaintiff establishes that it owns the valid trademark by providing evidence of its trademark registrations for Masha and The Bear. See FAC ¶ 47, ECF No. 21 at 16; Exs. 1 through 4 attached to the FAC; ECF No. 21-1 through 21-4 (Plaintiff's trademark registration certificates for Masha and The Bear); Affidavit of Inna Golovlova ¶¶ 4-5, ECF No. 105-3 at 2; see also Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 970 (9th Cir. 2007) ("Registration of a mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of the registrant's exclusive right to use the mark on the goods and services specified in the registration." (quotation marks and citations omitted)). Second, Plaintiff alleges that Defendant "is promoting and advertising, distributing, selling, and/or offering for sale counterfeit and

10

infringing goods in interstate commerce using exact copies of" the

trademarked works without Plaintiff's consent.  See FAC ¶¶ 61-71, 78, ECF

No. 21 at 19-24 (Defendant's use "is without Plaintiff's consent or

authorization.").  Third, Plaintiff alleges that Defendant uses "confusingly

similar copies" of Plaintiff's works, which "cause confusion of consumers, at

the time of initial interest, sale, and in the post-sale setting[.]"  See FAC ¶¶

61, 62, 70, 80, 81, 105, ECF No. 21 at 19-20, 23-25 (Defendant's conduct is

"with the intention of misleading, deceiving or confusing customers as to the

origin of its goods and of trading on Plaintiff's reputation of goodwill.").

These factual allegations in the FAC, taken as true, are sufficient to establish

Plaintiff's claims in Count 1 for trademark counterfeiting and infringement

and Count 2 for unfair competition.

### b. Count 3 for Dilution

Count 3 asserts a claim for dilution in violation of 15 U.S.C.

§ 1125(c).  See FAC ¶¶ 91-100, ECF No. 21 at 27-28.  To prove a claim for

dilution, "a plaintiff must show that (1) the mark is famous and distinctive;

(2) the defendant is making use of the mark in commerce; (3) the defendant's

use began after the mark became famous; and (4) the defendant's use of the

mark is likely to cause dilution by blurring or dilution by tarnishment."  See

Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008); Monster

11

Energy Co. v. BeastUp LLC, 395 F. Supp. 3d 1334, 1362 (E.D. Cal. 2019).

To satisfy the "famous and distinctive" element, the mark must be "truly prominent and renowned" and "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." See Monster Energy Co., 395 F. Supp. 3d at 1363. In the FAC, Plaintiff details that the Masha and The Bear series is broadcast throughout the world in over one hundred countries through multiple platforms and has been translated into twenty-five languages. See FAC ¶ 16, ECF No. 21 at 7. The series also won awards and is a widely popular. See FAC ¶¶ 17-20, ECF No. 21 at 7-8. In addition to the series, Plaintiff creates goods bearing the Masha and The Bear trademarks, which are "well-known and famous." See FAC ¶¶ 20, 50, ECF No. 21 at 8, 17. As a result of Plaintiff's efforts at advertising and promoting Masha and The Bear products, "members of the consuming public readily identify products and merchandise bearing or sold under the Masha and The Bear Marks as being high quality goods sponsored and approved by Plaintiff." See FAC ¶¶ 51-52, ECF No. 21 at 18.

Plaintiff also establishes that Defendant makes use of the marks in commerce and that Defendant's use began after the marks became famous. See FAC ¶ 40, ECF No. 21 at 14 (Defendant is "advertising, offering for sale,

and selling goods bearing one or more of Plaintiff's trademarks"); FAC ¶ 48,

ECF No. 21 at 17 ("Long before Defendants began their infringing activities

complained of herein, the Masha and The Bear Marks have been used by

Plaintiff in interstate commerce to identify and distinguish Plaintiff's series

and associated merchandise for an extended period.").  Plaintiff also alleges

that Defendant's use of the Masha and The Bear trademarks are likely to

cause dilution.  FAC ¶ 95, ECF No. 21 at 27 (Defendant's use of Plaintiff's

Masha and The Bear marks "has caused, and continues to cause, irreparable

injury to and actual dilution of the distinctive quality of Plaintiff's Masha and

The Bear Marks.").  Consequently, Plaintiffs' undisputed factual allegations

in the FAC, taken as true, are sufficient to establish Plaintiff's claim in

Count 3 for dilution.

### c. Count 4 for Unfair Competition under State Law

In Count 4, Plaintiff asserts a claim for unfair competition under

Hawaii Revised Statutes § 480-2.  FAC ¶¶ 101-108, ECF No. 21 at 29-30.

HRS § 480-2(a) makes unlawful "[u]nfair methods of competition and unfair

or deceptive acts or practices in the conduct of any trade or commerce."  To

state a such a claim, a consumer must allege: "(1) a violation of HRS § 480-

2; (2) injury to plaintiff's business or property resulting from such violation;

and (3) proof of the amount of damages."  See Aquilina v. Certain

Underwriters at Lloyds Syndicate #2003, 407 F. Supp. 3d 1051, 1073 (D.

Haw. 2019).

        As to the unfair competition claim, Plaintiff asserts violation of

HRS § 480-2, see FAC ¶¶ 102, 106, ECF No. 21 at 29, and alleges that

Defendant's use of counterfeits and infringements of the Masha and The Bear

marks unfairly compete with Plaintiff for space in search engine results and

visibility on the internet.  Id. ¶ 104, ECF No. 21 at 29.  Plaintiff also alleges

that Defendant's conduct causes "confusion, mistake and deception among

members of the trade and the general consuming public in Hawaii as to the

origin and quality of Defendants' products by their use of the Masha and The

Bear Marks."  Id. ¶ 105, ECF No. 21 at 29.  As to damages, Plaintiff states

that Defendant's conduct results in irreparable injury and damages.  Id. ¶ 107,

ECF No. 21 at 29.  Therefore, Plaintiff's allegations in the FAC, taken as

true, establish Plaintiff's claim for unfair competition under Hawaii law.

### d.     Count 5 for Copyright Infringement

        In Count 5, Plaintiff asserts a claim of copyright infringement

against Defendant.  See FAC ¶¶ 109, 116, ECF No. 21 at 30-31.  "A claim of

copyright infringement under federal law, requires proof that (1) the plaintiff

had a valid copyright in the work allegedly infringed and (2) the defendant

14

infringed the plaintiff's copyright by violating one of the exclusive rights that

17 U.S.C. § 106 bestows upon the copyright holder." UMG Recordings, Inc.

v. Disco Azteca Distributors, Inc., 446 F. Supp. 2d 1164, 1171–72 (E.D. Cal.

2006) (citing Marder v. Lopez, 450 F.3d 445, 453 (9th Cir. 2006)).  A

plaintiff "need not demonstrate the defendant's intent to infringe the

copyright in order to demonstrate copyright infringement." Id. (citation

omitted).

      Here, Plaintiff alleges it is the owner of registered copyrights in

Masha and The Bear and provides a list of the registered copyrights. See

FAC ¶ 54, ECF No. 21 at 18; Ex. 5 attached to the FAC; ECF No. 21-5 (list

of Plaintiff's registered copyrights in Masha and The Bear); Affidavit of Inna

Golovlova ¶¶ 4, 6, ECF No. 105-3 at 2.  Plaintiff further alleges that

Defendant promotes, advertises, distributes, and sells products in interstate

commerce that infringe on its copyrights.   See FAC ¶¶ 61-71, ECF No. 21

at 19-23.  These allegations, taken as true, establish Defendant's liability on

Plaintiff's copyright infringement claim in Count 5.

      In sum, this factor (merits of Plaintiffs' substantive claims) weighs in

favor of default judgment as to Plaintiff's claims against Defendant.

### 3. Sufficiency of the Complaint

      As discussed above, the allegations in the FAC are sufficiently pled

for all claims asserted against Defendant.  Therefore, this factor weighs in favor of

default judgment as to each of these claims.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to

the seriousness of Defendant's conduct."  See PepsiCo, Inc., 238 F. Supp. 2d at

1176.  Here, Plaintiff seeks $250,000 in statutory damages for the trademark

claims and $70,000 in statutory damages for the copyright infringement claim.  See

Motion at 2, ECF No. 105 at 2.  As discussed below, the Court finds that Plaintiff

is entitled to statutory damages in these amounts from Defendant.  Insofar as the

sum of money at stake is not too large or unreasonable in relation to Defendant's

conduct, the Court finds that this factor weighs in favor of default judgment.  See

Langer v. Euclid Ave., LLC, No. 19-CV-2384 DMS (DDL), 2022 WL 3588320, at

*4 (S. D. Cal. Aug. 22, 2022) ("Courts disfavor default judgment when 'the sum of

money at stake is too large or unreasonable in relation to the defendant's

conduct.'").

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint,

except those relating to the amount of damages, will be taken as true.  See

TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant has been given a fair

opportunity to defend this action and has not done so at all.  Therefore, the Court

finds that this factor favors default judgment.

## 6. Whether Default Was Due to Excusable Neglect

"The sixth <u>Eitel</u> factor considers whether defendant's default may
have been the product of excusable neglect." <u>Ho v. Tan Trinh</u>, No. 8:16-CV-481-
JLS-JCGX, 2016 WL 11520810, at *5 (C.D. Cal. Oct. 27, 2016). "This factor
favors a default judgment when the defendant has been properly served or the
plaintiff demonstrates that the defendant is aware of the lawsuit." <u>Id.</u> As noted
above, Defendant was served the FAC but did not appear in or defend against this
action. <u>See</u> Proof of Service, ECF No. 51. The Court therefore finds that this
factor favors entry of default judgment.

## 7. Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not
impossible. Under Rule 55, "termination of a case before hearing the merits is
allowed whenever a defendant fails to defend an action." <u>PepsiCo., Inc.</u>, 238
F. Supp. 2d at 1177; <u>see also</u> <u>Philip Morris USA, Inc. v. Castworld Prods., Inc.</u>,
219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b)
indicates that the seventh <u>Eitel</u> factor is not alone dispositive"). Here, Defendant
has failed to defend this action and has consequently rendered adjudication on the
merits before this Court impracticable. This factor does not preclude the Court
from entering default judgment against Defendant.

17

### 8. Totality of <u>Eitel</u> Factors

The Court finds that the totality of the factors discussed above weighs in favor of entering default judgment against Defendant as to the claims asserted in the FAC.

### C. Remedies

Although a defendant's default establishes liability, it does not establish all relief to which a plaintiff is entitled. A plaintiff must provide evidence to support its requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, Plaintiff requests statutory damages in the amount of $250,000 for its trademark claims and $70,000 for its copyright infringement claims. Motion at 24-27, ECF No. 105-1. Plaintiff also seeks pre-judgment interest and injunctive relief, making the terms of the Court's Temporary Restraining Order permanent and "ordering PayPal to immediately turnover the seized funds to go towards satisfaction of the money judgment." <u>Id.</u> at 27-28; ECF No. 105-1. Plaintiff also asks that the automatic stay of enforcement of the judgment be lifted. <u>Id.</u> at 28-29.

### 1. Statutory Damages for Trademark Claims

Plaintiff seeks statutory damages for Defendant's trademark violations instead of actual damages. "Section 1117(c) allows a plaintiff to opt for statutory damages in cases involving the use of a counterfeit mark." <u>State of Idaho Potato</u>

Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 720 (9th Cir. 2005).

"When the counterfeiting is not willful, statutory damages should be awarded in

the amount of 'not less than $1,000 or more than $200,000 per counterfeit mark

per type of goods or services sold, offered for sale, or distributed." Daimler AG v.

A-Z Wheels LLC, 498 F. Supp. 3d 1282, 1287 (S.D. Cal. 2020) (citing 15 U.S.C.

§ 1117(c)(1)). "'District courts have discretion in determining the amount of

statutory damages, subject only to the statutory minimum and maximum' outlined

under section 1117(c)." Id. (citation omitted).

　　　　As discussed above, the Court finds Plaintiff has sufficiently

demonstrated Defendants' unauthorized use amounted to trademark counterfeiting

and infringement of Plaintiff's registered trademarks. See Exs. 1 through 4

attached to the FAC; ECF No. 21-1 through 21-4 (Plaintiff's trademark registration

certificates for Masha and the Bear); Affidavit of Inna Golovlova ¶¶ 4-5, ECF No.

105-3 at 2. Therefore, the Court, in its broad discretion, finds that Plaintiff's

request for $250,000 in statutory damages against Defendant for its trademark

claims is reasonable and therefore recommends that Plaintiff be awarded $250,000

in statutory damages under 15 U.S.C. § 1117(c) for its trademark claims.

## 2. Statutory Damages for Copyright Infringement Claim

　　　　Plaintiff also seeks statutory damages in the amount of $70,000 under

17 U.S.C. § 504(c). Plaintiff may seek statutory damages "with respect to any one

19

work, for which any one infringer is liable individually, . . . in a sum of not less

than $750.00 or more than $30,000 as the court considers just." See 17 U.S.C.

§ 504(c)(1); Pac. Stock, Inc. v. MacArthur & Co., No. CIV. 11-00720 JMS, 2012

WL 3985719, at *5 (D. Haw. Sept. 10, 2012) (citing 17 U.S.C. § 504(c)).  As

discussed above, Plaintiff has established that Defendant infringed its nine Masha

and The Bear copyrights.  Accordingly, the Court, in its broad discretion, finds that

Plaintiff's request for $70,000 in statutory damages against Defendant for its

copyright infringement claim is reasonable and recommends that Plaintiff be

awarded $70,000 in statutory damages under 17 U.S.C. § 504(c) for its copyright

infringement claim.

### 3.  Pre-Judgment Interest Under 15 U.S.C. § 1117(b)

Plaintiff also requests pre-judgment interest under 15 U.S.C.

§ 1117(b).  Section 1117(b) provides for "three times such profits or damages,

whichever amount is greater, together with a reasonable attorney's fee," well as

prejudgment interest.  See  Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC,

No. C 12-04516 SC (LB), 2014 WL 3738327, at *15 (N.D. Cal. June 20, 2014)

("If § 1117(b) applies, the court also must award reasonable attorney's fees and

may award prejudgment interest."); 15 U.S.C. § 1117(b).  However, Plaintiff did

not seek treble profits or treble damages under section 1117(b) and instead

requested statutory damages under section 1117(c), which this Court recommends

granting above.  Accordingly, given that this Court is not awarding damages under section 1117(b), the Court declines to recommend awarding prejudgment interest authorized in that section.  Therefore, the Court recommends denying Plaintiff's request for prejudgment interest under 15 U.S.C. § 1117(b).

### 4.  Permanent Injunctive Relief and Rule 62(a)

Plaintiff requests the Court grant permanent injunctive relief on the same terms as stated in the Temporary Restraining Order dated April 18, 2023. See Motion at 28, ECF No. 105-1 (referring to ECF No. 12).  Pursuant to 17 U.S.C. § 502(a), courts are authorized to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Similarly, under 15 U.S.C. § 1116(a), courts "have the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title."  Further, pursuant to 15 U.S.C. § 1125(c), "the owner of a famous mark that is distinctive . . . shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark."

Insofar as Plaintiff has established it is entitled to relief against Defendant as to each of its claims, the Court finds that a permanent injunction may be appropriate in this case.  The Court also notes that the Renewed Temporary Restraining Order was converted to a Preliminary Injunction while this Motion was pending.  See Minute Order, ECF No. 122.  Therefore, the Court recommends denying as moot Plaintiff's request to enter an injunction on the "same terms" as stated in the Temporary Restraining Order.  The Court also recommends denying Plaintiff's request to "order[] PayPal to immediately turnover the seized funds to go towards satisfaction of the money judgment," given the automatic stay of Rule 62(a).

FRCP Rule 62(a) provides, "Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Fed. R. Civ. P. Rule 62(a).  The purpose of this automatic stay provision "is to prevent a victorious party from executing the judgment on property owned by the loser before the loser has an opportunity to prepare an appeal of that judgment."  See Becker v. Wells Fargo Bank, N.A., Inc., No. 210CV2799TLNKJNPS, 2015 WL 7889827, at *1 (E.D. Cal. Dec. 3, 2015) (citing In re Vanden Bossche, 125 B.R. 571, 573 (N.D. Cal. 1991) ("The purpose of the stay provision is to give a party time to prepare for an appeal or to determine what other course of action to take, while at the same time

prohibiting the victorious party from racing out and executing the judgment on property owned by the loser.")).  Plaintiff's assertion that the stay will permit Defendant to delay effectuation of the judgment does not persuade this Court that the thirty-day automatic stay provision of Rule 62(a) should be lifted. Consequently, the Court recommends denying Plaintiff's request to lift the stay of proceedings imposed by Rule 62(a).

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that Plaintiffs' Motion For Default Judgment Against Patricia Kirton be GRANTED IN PART and DENIED IN PART.  <u>See</u> Motion, ECF No. 105.  The Court recommends that default judgment be entered in favor of Plaintiff and against Patricia Kirton in the amount of $320,000 in statutory damages.  The Court also recommends denying Plaintiff's requests for prejudgment interest, injunctive relief, and to lift the automatic stay of proceedings in FRCP Rule 62(a).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, November 29, 2023.



Wes Reber Porter
United States Magistrate Judge

<u>Animaccord Ltd. v. Kirton, et al.</u>; CIVIL NO. 23-00173 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST PATRICIA KIRTON.