IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANIMACCORD LTD.; | ) CIVIL NO. 23-00173 LEK-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFF'S MOTION FOR |
| | ) ATTORNEY'S FEES AND COSTS |
| DAVID TRAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff Animaccord Ltd.'s Motion for Attorney's Fees and Costs (Motion).  See Plfs' Mot., ECF No. 132.  Defendants Patricia Kirton and David Tran (collectively, Defendants) did not respond to the Motion. The Court finds this Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaiʻi.  After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections

**FACTUAL BACKGROUND**

Plaintiff Animaccord Ltd. (Plaintiff) is an "international licensing company and studio which specializes in worldwide distribution of content, consumer products rights, and brand management." See First Amended Complaint (FAC) ¶ 13, ECF No. 21. Plaintiff owns all rights, title, and interest in the hit family animated series titled, "Masha and The Bear," which is loosely based on an oral children's folk story originating in Russia. Id. ¶¶ 14-15.

Plaintiff is the owner of several trademarks based on Masha and The Bear, which are registered with the Principal Register of the United States Patent and Trademark Office. Id. ¶ 47; Exs. 1 through 4 attached to the FAC; ECF No. 21-1 through 21-4 (Plaintiff's trademark registration certificates for Masha and The Bear). The Masha and The Bear trademarks are "well-known and famous." FAC ¶ 50, ECF No. 21.

Plaintiff is also the owner of several copyrights based on Masha and The Bear registered in the United States. Id. ¶¶ 54-59; Ex. 5 attached to the FAC, ECF No. 21-5 (list of Plaintiff's registered copyrights in Masha and The Bear). Plaintiff has all exclusive rights in and to the copyrighted works and controls all licenses to reproduce, distribute, perform, and enforce its rights to the works. FAC

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

¶ 59, ECF No. 21.

Defendant Patricia Kirton (Kirton) is one of several defendants named in the FAC.  Id. ¶ 34.  Kirton also goes by the name Patricia Papalardo and is sued as an officer, trustee, director, staff member or agent of the unincorporated association https://www.abirthdayplace.com/.  Id.

Defendant David Tran (Tran) is another defendant named in the FAC.  Id. ¶ 27.  Tran does business on EBay.com and under the e-commerce store named monsterxpart.  Id.  Tran is sued in his individual capacity and as an officer, trustee, director, staff member or agent of the unincorporated association monsterxpart.  Id.

Defendants sell counterfeit products that infringe on Plaintiff's Masha and The Bear trademarks and copyrights through the operation of e-commerce stores, which target consumers within the United States and this District.  Id. ¶¶ 37, 40.  Specifically, Defendants advertise, offer for sale, and sell goods bearing one or more of Plaintiff's trademarks and copyrights to consumers.  Id. ¶ 40.

## PROCEDURAL BACKGROUND

On April 14, 2023, Plaintiff filed the Complaint in this case.  See Complaint, ECF No. 1.  On May 12, 2023, Plaintiff filed the FAC against various defendants, including Kirton and Tran.  See FAC, ECF No. 21.  The FAC asserts claims for trademark counterfeiting and infringement (Count 1), unfair competition under federal law (Count 2), dilution of trademark (Count 3), unfair competition

under Hawaii law (Count 4), and copyright infringement (Count 5).  See FAC ¶¶ 76-116, ECF No. 21.

Default was entered against Kirton on July 11, 2023 and against Tran on August 2, 2023.  See Entries of Default, ECF No. 73, 90.  On December 19, 2023, default judgment was entered against Kirton as to all claims in the amount of $320,000.00.  See Default Judgment, ECF No. 126.  The next day, on December 20, 2023, default judgment was entered against Tran as to all claims in the amount of $135,000.00.  See Default Judgment, ECF No. 128.

Plaintiff thereafter filed the present Motion for attorneys' fees and taxable costs.  Insofar as neither Defendant objected to the requests for taxable costs, the Court previously taxed costs in the amount of $834.03 against Kirton, see ECF No. 139, and in amount of $1,014.53 against Tran.  See ECF No. 138.  The Court addresses Plaintiff's request for attorneys' fees below.

## DISCUSSION

Plaintiff seeks attorneys' fees from Defendants under the Copyright Act (17 U.S.C. § 505), the Lanham Act (15 U.S.C. §§ 1117(a)), and Hawaii Revised Statutes § 480-13(a).

**I. Entitlement to Fees**

**A. Attorneys' Fees under the Copyright Act (17 U.S.C. § 505)**

The Copyright Act provides, "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Section 505 gives "broad leeway" to district courts, which consider "principles and criteria to guide their decisions." See Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202 (2016) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 519 (1994)). In making a "particularized, case-by-case assessment," courts may consider "several nonexclusive factors." Id. (quoting Fogerty, 510 U.S. at 533, 534 n.19).

In the Ninth Circuit, these factors are "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." See Shame On You Prods., Inc. v. Banks, 893 F.3d 661, 666 (9th Cir. 2018) (citation omitted); see also Fogerty, 510 U.S. at 534 n.19 (courts may consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence"). These factors "are not exclusive and need not all be met." See Moi v. Chihuly Studio, Inc., 846 F. App'x 497, 500 (9th Cir. 2021) (citation omitted). Courts may also

consider the purpose of the Copyright Act, which is "to promote creativity for the public good." See Glacier Films (USA), Inc. v. Turchin, 896 F.3d 1033, 1041 (9th Cir. 2018) (citation omitted).

      Regarding the relevant factors, the Court finds that Plaintiff successfully prosecuted its copyright infringement claims against Defendants, as default judgment was entered in its favor and against Kirton and Tran. See Default Judgments, ECF No. 126, 128. Second, Plaintiff's copyright claims were not "frivolous" or "objectively unreasonable." See Milkcrate Athletics, Inc. v. Adidas Am., Inc., 619 F. Supp. 3d 1009, 1023 (C.D. Cal. 2022) ("a claim is appropriately considered to be frivolous when . . . the arguments are wholly without merit") (citation omitted); Washington v. ViacomCBS, Inc., No. 220CV00435CBMPJW, 2021 WL 6134375, at *2 (C.D. Cal. Dec. 9, 2021) ("'Objective unreasonableness' is generally used to describe claims that have no legal or factual support.") (Citation omitted)). Third, there is no evidence that Plaintiff had an improper motive in bringing or litigating this action. See Marcus v. ABC Signature Studios, Inc., No. 17CV00148-RSWLAJWX, 2017 WL 5592470, at *4 (C.D. Cal. Nov. 20, 2017) (considering the "existence of bad faith or an improper motive in bringing or pursuing an action") (citation omitted). Lastly, the Court finds that an award of attorneys' fees in this case would serve "the Copyright Act's deterrent purpose." See Milkcrate Athletics, Inc., 619 F. Supp. 3d at 1024.

Considering the totality of the relevant factors, the Court FINDS that Plaintiff is entitled to an award of fees under 17 U.S.C. § 505.

**B. Attorneys' Fees under the Lanham Act (15 U.S.C. § 1117(a))**

Section 1117(a) of the Lanham Act, which governs Plaintiff's trademark claims, permits a plaintiff to recover attorneys' fees "in exceptional cases." See 15 U.S.C. § 1117(a). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008). A court determines if a case "is exceptional by considering the 'totality of the circumstances' and evaluating whether the case is 'one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated' based on a preponderance of the evidence." See Jason Scott Collection, Inc. v. Trendily Furniture, LLC, 68 F.4th 1203, 1223 (9th Cir. 2023), cert. denied, 144 S. Ct. 550 (2024) (citing SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd, 839 F.3d 1179, 1180 (9th Cir. 2016) (en banc) (per curiam)).

Courts award attorneys' fees under the Lanham Act where default judgment has been entered against a defendant for intentional or willful trademark

infringement.  See e.g. Derek Andrew, Inc., 528 F.3d at 702 (affirming award of attorneys' fees under the Lanham Act where "default occurred with respect to a complaint that plead wilfulness"); Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1023 (9th Cir. 2002) (affirming award of attorneys' fees under the Lanham Act where, "by entry of default judgment, the district court determined, as alleged in [the plaintiff]'s complaint, that [the defendant]'s acts were committed 'knowingly, maliciously, and oppressively, and with intent to injure [the plaintiff]") (citation and ellipses points omitted); Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012) (awarding attorneys' fees where default judgment was entered in favor of the plaintiff for "willful and deliberate" trademark infringement).

In this case, default judgment has been entered against Defendants for intentional, willful, and deliberate trademark infringement.  See FAC ¶¶ 81-82, ECF No. 21 at 25 (alleging Defendants acted "with the intention of misleading, deceiving or confusing consumers," "Defendants' activities constitute willful trademark infringement," and "Defendant's use of the Masha and The Bear Marks constitutes willful, deliberate, and intentional trademark infringement"). Therefore, considering the totality of the circumstances and that Defendants have not defended against the trademark claims, and in light of the relevant factors

discussed above with respect to the Copyright Act, the Court FINDS that Plaintiff is entitled to an award of fees under 15 U.S.C. § 1117(a).

### C. Attorneys' Fees under Haw. Rev. Stat. § 480-13(a)

Pursuant to Hawaii Revised Statutes section 480-13(a), any person injured by any act deemed unlawful by chapter 480 may recover a "reasonable attorney's fee." Haw. Rev. Stat. § 480-13(a)(1). The Hawaii Supreme Court has made clear that attorneys' fees awarded under section 480-13 "are mandatory." See Cieri v. Leticia Query Realty, Inc., 80 Haw. 54, 70, 905 P.2d 29, 45 (1995), as amended (Oct. 12, 1995); see also Killian v. Pac. Educ. Servs. Co., No. CIV.05 00468 JMS/KSC, 2007 WL 1303023, at *7 (D. Haw. May 3, 2007) (quoting Cieri, 80 Haw. at 70, 905 P.2d at 45, for the proposition that attorneys' fees under Haw. Rev. Stat. § 480-13(a)(1) "are mandatory"). The Court therefore FINDS that Plaintiff, having prevailed against Defendants on its claims for unfair competition under Haw. Rev. Stat. § 480-2, is entitled to an award of fees under Haw. Rev. Stat. § 480-13(a)(1).

## II. Reasonableness of Fee Amount

Once a party establishes its entitlement to attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). District courts use the lodestar method to determine the reasonableness of attorneys' fees. See Camacho v. Bridgeport Fin.,

9

Inc., 523 F.3d 973, 978 (9th Cir. 2008). To calculate the lodestar, a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." See id. (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "Calculating the lodestar is the critical inquiry . . . because there is a strong presumption that it is a reasonable fee." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th Cir. 1990). The court must then determine whether to adjust the lodestar upward or downward based on a variety of factors, such as:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See SAS v. Sawabeh Info. Servs. Co., No. CV1104147MMMMANX, 2015 WL 12763541, at *5 (C.D. Cal. June 22, 2015) (citing Camacho, 523 F.3d at 982); see also Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The district court may then adjust upward or downward based on a variety of factors."). "Many of these factors, however, are subsumed within the initial lodestar calculation and should not be double-counted." See SAS, 2015 WL 12763541, at *5 (citing Hensley, 461 U.S. at 434 n.9).

10

## A. Reasonable Hourly Rate

The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  See Roberts v. City of Honolulu, 938 F.3d 1020, 1024-25 (9th Cir. 2019).  The relevant community is the forum in which the district court sits.  See Camacho, 523 F.3d at 979. "It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."  Roberts, 938 F.3d at 1024.  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

Here, Plaintiff requests $450 per hour for attorney Kerry Culpepper (Culpepper).  See Motion at 7-8, ECF No. 132-1; Culpepper Decl'n at 7, ¶ 15, ECF No. 132-2.  Culpepper submitted a declaration detailing his 23 years of litigation experience in copyright, trademark and patent infringement.  Culpepper Decl'n at ¶ 7, ECF No. 132-2.  He was also a patent examiner at the United States Patent and Trademark Office and served as a delegate for an international patent attorney

association.  Id. ¶¶ 7, 12.  Culpepper is currently a board member of the Hawaii State Bar Association's Intellectual Property Law Section.  Id. ¶ 14.  Culpepper also provides supporting documentation in the form of two reports by the American Intellectual Property Law Association concerning the average hourly rates for solo practitioners in the area of intellectual property.  Id. ¶¶ 20, 21, Exhibit 1.

Plaintiff also requests $75 per hour for paralegal Nike Ho (Ho).  See Motion at 7-8, ECF No. 132-1; Culpepper Decl'n at 7, ECF No. 132-2; Ho Decl'n at 7, ECF No. 132-3.  Ho obtained a juris doctorate degree from Cardozo School of Law in 2011 and previously practiced law in California.  Ho Decl'n ¶¶ 4, 9, ECF No. 132-3.  Ho also states that the requested hourly rate falls within the range for paralegal service providers outlined by the Judicial Counsel of the Ninth Circuit's Criminal Justice Act Policies and Procedures.  Id. ¶ 10 n.1.

Although Plaintiff has not provided additional evidence that counsel and paralegal's rates are reasonable within the relevant community, the Court nevertheless finds that their requested rates are reasonable, given both their experience and the Court's understanding of the prevailing rates in the community for similar services performed by attorneys and paralegals of comparable experience, skill and reputation.

### B. Hours Reasonably Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." U.S. v. $28,000.00 in U.S. Currency, 802 F.3d 1100, 1107 (9th Cir. 2015) (citation omitted). "The prevailing party is entitled to recover only reasonable attorneys' fees and costs, and the burden is on the prevailing party to prove those fees and costs were associated with the relief requested and reasonably necessary to achieve the results obtained." Hawai'i Wildlife Fund v. Cnty. of Maui, No. CV 12-000198 SOM-KJM, 2022 WL 617987, at *6 (D. Haw. Feb. 15, 2022), report and recommendation adopted, No. CV 12-00198 SOM-KJM, 2022 WL 614944 (D. Haw. Mar. 2, 2022) (citation and brackets omitted). In addition, the Court has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case." See Irwin v. Astrue, No. 3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001)).

Plaintiff seeks to recover 89.5 hours for work performed by Culpepper (34.75 hours for claims against Kirton and 54.75 hours for claims against Tran) and 33.625 hours for work performed by Ho (16.25 hours for claims against Kirton and 17.375 hours for claims against Tran). See Culpepper Decl'n at 7, ECF No. 132-2. Specifically, Culpepper states that he divided in half the time expended for

pursuing claims against both Kirton and Tran, and separately accounted for tasks that apply only to Kirton or Tran.  See id. ¶ 3.  The Court reviewed the time entries for Culpepper and Ho and finds that the requested hours are supported by evidence and that the time expended was associated with the relief requested and was reasonably necessary to achieve the results obtained.  See $28,000.00 in U.S. Currency, 802 F.3d at 1107; Hawai'i Wildlife Fund, 2022 WL 617987, at *6.

### C. Lodestar Calculation

Based on the foregoing, the Court finds the lodestar calculation for each Defendant as follows:

- Claims against Kirton

| Name | Hourly Rate | Total Hours | Total Award |
|---|---|---|---|
| Kerry Culpepper (attorney) | $450 | 34.75 | $15,637.50 |
| Nike Ho (paralegal) | $75 | 16.25 | $1,218.75 |
| | | Subtotal | $16,856.25 |
| | | State Tax (4.712%) | $794.27 |
| | | TOTAL AWARD | $17,650.52 |

- Claims against Tran

| Name | Hourly Rate | Total Hours | Total Award |
|---|---|---|---|
| Kerry Culpepper (attorney) | $450 | 54.75 | $24,637.50 |
| Nike Ho (paralegal) | $75 | 17.375 | $1,303.13 |
| | | Subtotal | $25,940.63 |
| | | State Tax (4.712%) | $1,222.32 |
| | | TOTAL AWARD | $27,162.95 |

The total lodestar amount for Kirton is $17,650.52 and Tran is $27,162.95.  Upon consideration of the factors that may result in an upward or

14

downward adjustment to the lodestar values, the Court declines to apply a multiplier in either direction based on those factors. Accordingly, the Court FINDS these amounts to be reasonable and RECOMMENDS that attorneys' fees be awarded against Kirton in the amount of $17,650.52 and against Tran in the amount of $27,162.95.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' request for attorneys' fees be GRANTED. See Motion, ECF No. 132. Specifically, the Court RECOMMENDS that attorneys' fees be awarded against Kirton in the amount of $17,650.52 and against Tran in the amount of $27,162.95.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 28, 2024.



Wes Reber Porter
United States Magistrate Judge

Animaccord Ltd. v. Tran, et al.; CIVIL NO. 23-00173 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS.